**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**William C. EVANS, Respondent.**

**No. 91–SC–965–KB.**

Supreme Court of Kentucky.

March 12, 1992.

Reconsideration Denied May 14, 1992.

Barbara S. Rea, Asst. Bar Counsel, Kentucky Bar Assn., Frankfort, for complainant.

John R. Leathers, Robert M. Goldberg, Frost & Jacobs, Lexington, for respondent.

## ORDER OF TEMPORARY SUSPENSION

Pursuant to SCR 3.165, we have considered the Petition of the Inquiry Tribunal and supporting documents, and conclude that reasonable cause exists to believe that William C. Evans has been convicted of two counts of assault under extreme emotional disturbance and one count of wanton endangerment in the first degree and that his conduct has put in grave issue whether he has the moral fitness to continue to practice law. We further conclude that reasonable cause exists to believe that unless an order of temporary suspension is issued, a real and present danger exists to the public.

IT IS THEREFORE ORDERED that William C. Evans be, and he is hereby temporarily suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED THAT:

1. Within twenty (20) days from the date of the entry of this order of suspension, Evans shall notify all clients in writing of his inability to continue to represent them and shall furnish photo copies of the letters of notice to the Director of the Kentucky Bar Association.

2. The temporary suspension of Evans shall be effective with the entry of this order and shall continue in effect until such time as the merits of this disciplinary proceeding can be finally determined by this Court in accordance with SCR 3.370 or SCR 3.480 or until such time as Evans can show good cause why the order of temporary suspension should be amended or dissolved.

3. Such portion of this proceeding as contained in this order shall be deemed a matter of public record at this time. All other portions of the record shall be afforded the confidentiality required under SCR 3.150 unless otherwise directed by this Court.

4. Evans shall pay costs of the proceedings.

STEPHENS, C.J., and LAMBERT, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion in which COMBS, J., joins.

ENTERED: March 12, 1992.

/S/ Robert F. Stephens
Chief Justice

LEIBSON, Justice, dissenting.

A temporary suspension is not warranted. The purpose of the temporary suspension rule is not to provide additional punishment, but to protect the public while charges are pending.

SCR 3.165(B) authorizes temporary suspension where an "attorney has been convicted of a crime ... and it appears from the record of such conviction that he has so acted as to put in grave issue whether he has the moral fitness to continue to practice law." The circumstances of this case do not call for applying this rule. The trial court where the respondent pled guilty obviously thought the respondent has the "moral fitness" to practice law; he probated his sentence on condition that he perform 350 hours of community service consisting of *pro bono* legal services.

Evans committed an offense consisting of wanton conduct under circumstances of extreme emotional disturbance. Tempo-

rary suspension is counterproductive in this case, and an abuse of the reason for the rule.

COMBS, J., joins this dissent.